## UNITED STATES v. BAKER.

APPEAL FROM THE COURT OF CLAIMS.

No. 1394. Submitted April 2, 1888. — Decided April 16, 1888.

A person who was appointed a midshipman in the navy in September, 1867, and an ensign in July, 1872, and as to whom the lowest grade having graduated pay held by him since last entering the service was, under the act of July 15, 1870, c. 295, 16 Stat. 330, § 3, that of ensign, is entitled to be credited, under the act of March 3, 1883, c. 97, 22 Stat. 473, with the time he so served as a midshipman, on the ground that service as a midshipman, at the naval academy, was service as an officer in the navy.

THE case is stated in the opinion.

*Mr. Attorney General, Mr. Assistant Attorney General Howard*, and *Mr. F. P. Dewees* for appellant.

*Mr. John Paul Jones* and *Mr. Robert B. Lines* for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an appeal by the United States from a judgment of the Court of Claims, awarding to the claimant $836.71, on the following facts:

On the 30th of September, 1867, the claimant was appointed a midshipman in the navy, by a form of appointment which stated that he was " appointed to the grade of midshipman in the United States Navy." By § 12 of the act of July 15, 1870, c. 295, 16 Stat. 334, it was provided that " the students in the naval academy shall hereafter be styled cadet midshipmen;" and that, " when cadet midshipmen shall have passed successfully the graduating examination at said academy, they' shall receive appointments as midshipmen, ranking according' to merit, and may be promoted to the grade of ensign as vacancies in the number allowed by law in that grade may occur." After the passage of that act, the form of appointment was changed by striking out the words " appointed to the grade of midshipman," and inserting the words " appointed a cadet midshipman;" but no appointment in the amended form was issued to the claimant. After completing his academic course at Annapolis, the claimant was, on the 14th of July, 1872, promoted to the grade of ensign; on the 6th of December, 1876, to that of master; and, on the 10th of January, 1884, to that of lieutenant, in which grade he was serving when his petition was filed.

By the act of March 3, 1883, c. 97, 22 Stat. 473, it was provided as follows: " And all officers of the navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer army or navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous and in the regular navy in the lowest grade having graduated pay held by such officer since last entering the service." The claimant alleged in his petition that the lowest grade having graduated pay held by him since last entering the service was, under the act of July 15, 1870, c. 295, 16 Stat. 330, § 3, now § 1556 of the Revised Statutes, that of ensign, and that he was, under the act of 1883, entitled to have credit given to him upon his grade of ensign for all of his service prior to the date of his commission as ensign, namely, 4 years, 9 months, and 14 days, from September 30, 1867, to July 14, 1872, which included all of the time of his service as

midshipman. The question is as to whether he is entitled to the difference of pay resulting from such credit. The Court of Claims decided in his favor, awarding to him for that pay the sum of $836.71.

The single question involved is whether the claimant, while he was a midshipman, was serving as an officer or enlisted man in the navy, within the meaning of the act of 1883. The contention on the part of the United States is that the claimant, whilst a student at the naval academy, did not, in the sense of the act of 1883, serve either as an officer or an enlisted man; and that, in that view, it is immaterial whether, as a student, he is or is not to be regarded as an officer of the navy. It is denied by the United States that the entry of a pupil into the academy is his entry into the naval service, and that the period of his pupilage is actual service, within the meaning of the act of 1883; and it is argued that he does not enter into actual service until he is appointed either in the line of the navy, the marine corps, or the engineer corps; that, as a student, he does not serve, but is preparing to serve; that he does not render service to the government, but is receiving favors from it; that he can only commence service after his graduation, such service depending upon his graduating merit; and that the compensation of $500 a year given to him is not a payment for service rendered, but is a gratuity and an allowance made to him for his support in his preparation for service to be rendered.

When the claimant was appointed a midshipman in the navy, on the 30th of September, 1867, the act of July 16, 1862, c. 183 (12 Stat. 583), was in force. The first section of that act divides the active list of line officers of the navy into nine grades, the first of which is "rear-admirals," the eighth of which is "ensigns," and the ninth of which is "midshipmen." The 11th section of that act provides that the students at the naval academy shall be styled midshipmen, until their final graduating examination, when, if successful, they shall be commissioned ensigns, ranking according to merit. Thus, § 1 of that act creates the grade of midshipman as one of the nine grades of the active list of line officers of the navy, and § 11 declares that the students at the naval acad-

emy shall be styled midshipmen. If these statutory provisions were not varied as respects the claimant prior to July 14, 1872, when he was promoted to the grade of ensign, he was all the time an officer in the line of the navy, and serving as such officer.

Section 12 of the act of July 15, 1870, c. 295 (16 Stat. 334), provides that the "students in the naval academy shall hereafter be styled cadet midshipmen," and that, when they "shall have passed successfully the graduating examination at said academy, they shall receive appointments as midshipmen, ranking according to merit, and may be promoted to the grade of ensign as vacancies in the number allowed by law in that grade may occur." The provisions of that section do not seem to have been applied to the case of the claimant. He did not thereafter receive an appointment as cadet midshipman, nor does he appear to have received an appointment as midshipman after he passed successfully the graduating examination at the academy, but he was promoted to the grade of ensign after he had completed his academic course at Annapolis.

It is very questionable whether the 12th section of the act of 1870 applies to persons who had been theretofore appointed midshipmen. It would rather seem to be limited in its provisions to persons thereafter to be appointed to the distinct grade of cadet midshipmen, and therefore not to include the case of the claimant. But, even if § 12 of the act of 1870 applies so far to those who were then students in the naval academy, that they were thereafter to be styled cadet midshipmen, yet they were still to discharge the same duties as before, and be subject to the same naval discipline and control as before, and to receive the same pay as before. We see nothing in the act of 1870 to exclude the claimant from the position which he occupied prior to the passage of that act, as a member of a grade in the active list of line officers of the navy, so far as respected his service at the naval academy after the date of the passage of that act, whether he was thereafter to be styled a cadet midshipman or to continue to be styled a midshipman.

No legislation which took place after the 14th of July, 1872, can affect the question arising under the act of 1883, as to his service as an officer in the navy prior to the 14th of July, 1872. Section 15 of the act of 1862 provided that the "annual pay of the several ranks and grades of officers of the navy on the active list," thereinafter named, comprehending the nine grades mentioned in the first section of the same act, should be as thereinafter specified in the 15th section, and the last provision was this: "Midshipmen shall receive five hundred dollars."

It is impossible not to conclude that the claimant continued to be, after the passage of the act of 1870, as he was prior to its passage, an officer of the navy, on the active list, and serving as such an officer, by virtue of his having been appointed a midshipman and continuing to be a student in the naval academy, even though he might have been properly styled, after the passage of the act of 1870, a cadet midshipman.

*The judgment of the Court of Claims is affirmed.*