## UNITED STATES *v.* COOK.

### APPEAL FROM THE COURT OF CLAIMS.

No. 1163. Submitted November 5, 1888. — Decided November 19, 1888.

A cadet-midshipman at the naval academy is an officer of the navy within the meaning of the provision in the act of March 3, 1883, 22 Stat. 473, c. 97, respecting the longevity pay of officers and enlisted men in the army or navy.

*United States* v. *Baker*, 125 U. S. 646, and *United States* v. *Hendee*, 124 U. S. 309, followed.

THE case is stated in the opinion of the court.

*Mr. Assistant Attorney General Howard* and *Mr. F. P. Dewees* for appellants.

*Mr. Robert B. Lines* and *Mr. John Paul Jones* for appellee.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This is an appeal from a judgment rendered by the Court of Claims against the United States in favor of Simon Cook, for the sum of $1000. Cook was appointed a cadet-midshipman in the navy, June 6th, 1873, graduated at the naval academy June 18th, 1879, and was appointed ensign November 15th, 1881. He claims additional pay under the act of March 3d, 1883, c. 97, 22 Stat. 473, which is as follows:

"And all officers of the Navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer Army or Navy, or both, and shall receive all the benefits of such actual service, in all respects, in the same manner as if all said service had been continuous, and in the regular Navy, in the lowest grade having graduated pay held by such officer since last entering the service."

If entitled to credit in his grade of ensign with the time of his service as cadet-midshipman, there is still due the claimant the sum of $1000. The claim of the appellants is, that, in the sense of the above cited act, the appellee did not *serve* either as an officer or enlisted man while a student at the naval academy.

After the 12th section of the act of July 15th, 1870, 16 Stat. 334, students at the naval academy were to be styled "cadet-midshipmen," and after graduation were to be appointed midshipmen and promoted to the grade of ensign, as vacancies might occur. Prior to that act students at the naval academy were styled midshipmen. The form of appointment was the same before and after the act; in both cases it was signed by the Secretary of the Navy, by direction of the President, and the position and duties were precisely the same.

In the case of *United States* v. *Baker*, 125 U. S. 646, 649, it was held that Baker, who was appointed prior to the act of July 15th, 1870, a midshipman at the naval academy, but who did not graduate until after the act had been passed, was entitled to pay, under the act of March 3d, 1883, from the time of his entrance at the naval academy. It is difficult to see how the present case can be distinguished from that. Calling the student a cadet-midshipman instead of a midshipman, without changing his position or his duties, does not make his status different from what it was before. In the Baker case, speaking by Mr. Justice Blatchford, this court said: "But even if § 12 of the act of 1870 applies so far to those who were then students in the naval academy, that they were thereafter to be styled cadet-midshipmen, yet they were still to discharge the same duties as before, and be subject to the same naval discipline and control as before, and to receive the same pay as

before. We see nothing in the act of 1870 to exclude the claimant from the position which he occupied prior to the passage of that act, as a member of a grade in the active list of line officers of the navy, so far as respected his service at the naval academy after the date of the passage of that act, whether he was thereafter to be styled a cadet-midshipman or to continue to be styled a midshipman."

Again the court said: "It is impossible not to conclude that the claimant continued to be after the passage of the act of 1870, as he was prior to its passage, an officer of the navy on the active list, and serving as such an officer by virtue of his having been appointed a midshipman and continuing to be a student in the naval academy, even though he might have been properly styled after the passage of the act of 1870 a cadet-midshipman."

We think that the views thus expressed in the Baker case were sound, and we adhere to them.

That a midshipman is an officer has been understood ever since there was a navy. He is not one of the common seamen. His name indicates a middle position, between that of a superior officer and that of the common seaman. (Imp. Dict.) Harris, in the early part of last century, and Johnson in the middle of it, defined "Midshipmen" as "officers aboard a ship." Cooper, in his "History of the Navy of the United States," speaking of the Colonial period in the middle of the last century, says: "About this time, it also became a practice among the gentry of the American provinces to cause their sons to be entered as midshipmen in the royal navy." p. 34. The first act of Congress under the constitution establishing a navy, after naming the superior officers to be employed on each ship, designates the following "warrant officers," to be appointed by the President, namely: "One sailing master, one boatswain, one gunner, one sail-maker, one carpenter and eight midshipmen;" and these are placed before "petty officers," mentioned in the same connection. Act of March 27, 1794, 1 Stat. 350. If the law designates a cadet as a midshipman, the designation is an official one. The qualification of cadet-midshipman is used for the sake of distinction, to distin-

guish one kind of midshipman from another, a midshipman at school from a midshipman aboard ship.

In the case of *United States* v. *Hendee*, 124 U. S. 309, 313, it appeared that Hendee was a paymaster, and had been promoted from a paymaster's clerk, and this court, by Mr. Justice Miller, said : " The claimant here is an officer of the navy, and is, therefore, to be credited with the actual time that he served as an officer or enlisted man in the regular or volunteer army or navy, or both. We think the words 'officers or enlisted men in the regular or volunteer army or navy, or both,' were intended to include all men regularly in the service in the army or navy, and that the expression 'officers or enlisted men' is not to be construed distributively as requiring that a person should be an enlisted man, or an officer nominated and appointed by the President, or by the head of a Department, but that it was meant to include all men in service, either by enlistment or regular appointment, in the army or navy. We are of the opinion that the word 'officer' is used in that statute in the more general sense which would include a paymaster's clerk; that this was the intention of Congress in its enactment, and that the collocation of the words means this, especially when it is added that they 'shall receive all the benefits of such actual service in all respects and in the same manner as if said service had been continuous and in the regular navy.' "

The decisions in the cases of Hendee and Baker render it unnecessary to go over again the history of the legislation that bears on the subject.

*The decree of the Court of Claims is affirmed.*