## UNITED STATES *v.* STAHL.

### APPEAL FROM THE COURT OF CLAIMS.

No. 886. Submitted January 8, 1894. — Decided January 22, 1894.

*United States* v. *Alger, ante,* 362, followed.

In a suit in the Court of Claims for longevity pay, alleged by the claimant, and denied by the United States, to be due him, " after deducting all just credits and offsets," a sum previously paid him for longevity pay to which he was not entitled may be deducted from the sum found to be due him.

THIS was a claim for $1000, alleged to be due for longevity pay as an assistant engineer in the Navy from June 10, 1882, to August 10, 1887. The petitioner alleged that he was entitled to this amount, "after deducting all just credits and offsets." The answer was a general traverse.

The findings of fact by the Court of Claims were as follows: "Claimant entered the Naval Academy, September 14, 1876; graduated June 10, 1880; and was commissioned assistant engineer June 10, 1882. On August 10, 1887, he resigned his commission as assistant engineer. On August 11, 1887, he was duly appointed and commissioned an assistant naval constructor. Claimant has never received any credit upon his commission as assistant engineer for his service in the Navy from his entry into the Naval Academy, September 14, 1876, till the date of his said commission, June 10, 1882. On December 30, 1888, claimant was given credit, for his prior service at the Naval Academy and as assistant engineer, upon the commission then held by him of assistant naval constructor. The amount due claimant is $1000, as unpaid longevity pay."

Upon these facts, the Court of Claims decided, as a conclusion of law, that the claimant was entitled to recover the sum claimed, and gave judgment accordingly. The United States appealed to this court.

*Mr. Assistant Attorney General Dodge* and *Mr. Felix Brannigan* for appellants.

*Mr. John Paul Jones* for appellee.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

The claimant, as is implied in the facts found, and is admitted by the counsel of the United States, was continuously in active service in the Navy from September 14, 1876, to August 10, 1887, first in the Naval Academy as a cadet midshipman, then, it would seem, as a midshipman or a cadet engineer, and then as assistant engineer. See Rev. Stat. §§ 1512, 1521–1525, 1536 *ad fin.* On August 10, 1887, he resigned his commission as assistant engineer; and on August 11, 1887, he was appointed an assistant naval constructor. While the pay of a cadet midshipman, of a midshipman, or of a cadet engineer is not, the pay of an assistant engineer or of an assistant naval constructor is, graduated by length of service. Rev. Stat. § 1536. The claimant's whole service, from the time of his entering the Naval Academy, and notwithstanding his resignation of one commission the day before he received another, must be considered a continuous service, for the reasons stated in the opinion just delivered in *Alger* v. *United States, ante,* 362. He has been given credit, for his whole prior service, upon his last commission, upon which he was not entitled to it; and has been allowed no credit upon his commission as assistant engineer, upon which he was entitled to it. The Court of Claims, applying the same rule that it did in *Alger* v. *United States,* apparently considered him entitled to both.

As this court holds him to be entitled to longevity pay as

assistant engineer only, there should be deducted, from the sum due him for such pay, the sum which has been mistakenly and improperly paid to him.  *McElrath* v. *United States*, 102 U. S. 426; *United States* v. *Burchard*, 125 U. S. 176.

*Judgment reversed, and case remanded for further proceedings in conformity with this opinion.*