IN RE APPLICATION OF LAWRENCE T. HAUGEN FOR A
SOLDIER'S BONUS.

LAWRENCE T. HAUGEN v. SOLDIERS BONUS BOARD AND
ANOTHER.[1]

February 17, 1922.

No. 22,824.

**Midshipman at Annapolis not entitled to statutory bonus.**

One appointed midshipman to the Naval Academy at Annapolis in
June, 1916, is not entitled to a bonus under chapter 49 (Sp. Sess.) 1919,
as amended by chapter 471, Laws 1921, for the time occupied in pur-
suing his usual course of study and training, nor is he entitled to such
bonus for the time subsequent to his graduation as an ensign, for that
was subsequent to November 11, 1918. Had the record affirmatively
shown that he, during any part of the time of the war with Germany,
had actually engaged in naval service, it is conceded that he should
receive a bonus for such time.

Upon the relation of Lawrence T. Haugen the supreme court
granted its writ of certiorari directed to the Soldiers Bonus Board
and the Soldiers Bonus Board of Review to review their action in
the disallowance of relator's application for a soldier's bonus. Writ
quashed.

*Sheahan & Pew,* for relator.

*Mueller & Striessguth* filed a brief as amici curiae.

*Clifford L. Hilton,* Attorney General, and *Albert F. Pratt,* Assist-
ant Attorney General, for respondent.

HOLT, J.

Certiorari to review respondents' disallowance of relator's appli-
cation for a soldier's bonus under chapter 49 (Sp. Sess.) 1919, as
amended by chapter 471, p. 774, Laws 1921.

[1]Reported in 186 N. W. 862.

Relator entered the United States Naval Academy at Annapolis as a midshipman June 15, 1916, and apparently continued therein until the completion of his course on June 6, 1919, when he became an ensign. During his course of training he was assigned to different ships in the naval service from June 4, 1917, to August 29, 1917, and from June 5, 1918, to September 3, 1918, in all 5 months and 23 days. The respondents concluded that relator had never acquired an active duty status as a soldier within the meaning of the bonus acts.

The result reached is right. The career of a naval officer appealed to relator, and to that end he sought an appointment to the naval academy at Annapolis. He succeeded and was a student therein when the war with Germany was declared. Such students are designated midshipmen. They are not officers, but undergoing instruction to become such. The record does not indicate that the war affected or changed relator's course of instruction and training any more than it changed that of the cadets at West Point. We understand that the midshipmen, as a part of their course of instruction, must have certain months of training on board of a battleship or on some unit of a naval squadron. The return does not show that any part of such training of relator was upon ships engaged in actual war service. We understood the attorney for respondents to concede that, during the time any cadet from West Point or any midshipman from Annapolis was actually engaged in military or naval service during the war with Germany, he is entitled to a bonus, provided he was an appointee from this state so as to be able to claim a residence here.

The contention of relator that the mere admission to Annapolis as a midshipman made him a member of the naval forces of the United States, we need not discuss, for we are clear that the legislature never intended to give a bonus to students while pursuing the ordinary course of instruction therein. Relator cites United States v. Baker, 125 U. S. 646, 8 Sup. Ct. 1022, 31 L. Ed. 824; United States v. Cook, 123 U. S. 254, 9 Sup. Ct. 108, 32 L. Ed. 464; United United States v. Stahl, 151 U. S. 366, 14 Sup. Ct. 347, 38 L. Ed. 194, 151 U. S. 366, to the effect that an appointed midshipman is an officer

of the navy. But in Weller v. United States, 41 C. of Cl. 324, it is pointed out that a midshipman under the law now in force is not the same as when the above decisions in the Supreme Court were rendered. But, as stated, we do not think the ruling of the Federal courts, or of the various Federal administrative departments, or naval officers have much bearing upon the construction of our bonus acts.

It seems clear that there could have been no intent of the legislature to give a bonus to an officer in the regular army or navy, unless he became such officer prior to the armistice and rendered some service in the war with Germany prior to July 31, 1920, and then only for the period he was actually in such service. Certainly there was no intent to bestow a bonus upon a student either at West Point or Annapolis during the time he was actually engaged in his studies and training in accordance with the usual curriculum of those institutions.

The writ is quashed.