AGNES TOWNSHIP, a Municipal Corporation and Hans Kleven, as Treasurer of Agnes Township, Appellants, v. GRAND FORKS COUNTY, a Municipal Corporation, Martin O. Haugen, as Auditor of Grand Forks County, North Dakota, and John Bridston, as Treasurer of Grand Forks County, North Dakota, Respondents.

(218 N. W. 212.)

**Counties — excessive payment of tax to township treasurer — payment to treasurer of township is payment to treasurer — excess held in trust for county.**

1. Where a county by mistake issues a warrant for road tax in excess of

the road tax belonging to a township, which warrant is made payable to the treasurer of such township, whose duty it is to receive and keep in his custody all the money belonging to such township, who endorses such warrant as township treasurer and places the same in a certificate of deposit in his name as treasurer, such payment by warrant is a payment to the township, and any excess in the warrant over and above the amount of road tax due the township is under § 6280, Comp. Laws 1913, held in trust by the township for the county.

**Officers — public moneys paid by mistake — officer holding other money of recipient need not pay it and sue for recovery of overpayment.**

2. Where public money is paid by mistake or without authority of law and the public official has money of the recipient in his hands he is not compelled to pay such money over and sue to recover the illegal payments, but may hold subject to the decision of the court when the claimant sues.

Opinion filed March 5, 1928.

Officers, 29 Cyc. p. 1431 n. 4.

Appeal from the District Court of Grand Forks County, *Cooley, J.* Affirmed.

*Murphy & Toner,* for appellants.

The presentation of a claim to the county commissioners under section 4222, Comp. Laws 1913, is not in this state a condition precedent to maintaining a suit against the county. Barrett v. Stutsman County, 4 N. D. 175; Fargo v. Cass County, 35 N. D. 372.

The obligations resting on a quasi public corporation are less in number and those less burdensome than those that devolve upon a municipal corporation proper. 1 Abbott, Mun. Corp. §§ 7, 8.

Contracts entered into without such (legal) authority or beyond the power of the corporation are necessarily void. 1 Abbott, Mun. Corp. p. 561.

"A public corporation can never be estopped to set up as a defense the fact that the contract sought to be enforced was ultra vires either because of lack of authority or because in contravention of its charter or some law." 1 Abbott, Mun. Corp. 578; Willis v. Wyandotte County, 86 Fed. 872; Hays v. Aldrichs, 115 Ala. 239, 22 So. 465.

*J. B. Wineman,* State's Attorney, for respondents.

The presumption is that a public officer does as the law and his

duties requires. Pine Tree Lumber Co. v. Fargo, 12 N. D. 360, 96 N. W. 132; Fisher v. Betts, 12 N. D. 197, 96 N. W. 357.

A town treasurer who collects moneys for the town by virtue of his office, although the statutory warrant, is precluded from denying that such moneys belong to the town. Cairns v. O'Bleness, 40 Wis. 469.

"An action may be maintained to recover back money paid without authority of law out of the county treasury though fraud in fact be not imputed to the recipient of the money." McGinnis v. New York, 6 N. Y. 419; see also Wiles v. McIntosh County, 10 N. D. 599.

"In drawing warrants upon the county treasurer for the several funds in his hands apportioned to the several townships, the county auditor does not act as the agent of the county, but as the governmental agent for the benefit of the townships, and not being drawn to satisfy a county or corporate obligation, they create no liability against the county." Vigo Twp. v. Knox County, 111 Ind. 170, 12 N. E. 305; see also Fargo v. Cass County, 35 N. D. 372, 160 N. W. 76.

BURKE, J. On November 17, 1922, the treasurer of Grand Forks county prepared and delivered to the auditor of Grand Forks County a statement or "slip" authorizing the debiting of Agnes Township in said county, by the issuance of a warrant to A. H. Hammond, treasurer of said township, for $5,000 for road tax. The auditor issued the warrant as follows, to wit:

$5,000.00          Auditor's Office, Grand Forks County, N. D.
                        Grand Forks, North Dakota, Nov. 17, 1922
          The County Treasurer of Grand Forks County
will pay to A. H. Hammond ——————————, Township treasurer
          Pay $5,000 and 00 cts. —————— Dollars ——————
from Money Collected for Agnes —————— Township.   Road
                                        Hans Anderson,
                                        County Auditor.
By ——————————
                        Deputy.

The statement or "slip," prepared by the county treasurer authorizing the auditor to issue the warrant to the treasurer of Agnes township, the treasurer testified, was made out at the request of the treasurer of

Agnes township. The latter testified that he did not remember whether he wrote to the treasurer of the county for the taxes collected by the county for Agnes township that year. There was a mistake made in the "slip" or statement prepared by the treasurer, and instead of there being $5,000 collected for road taxes in Agnes township, there was, at the time only the sum of $35.68, and on account of the mistake made in said "slip" or statement the warrant was issued for $5,000 instead of $35.68. This mistake was discovered sometime before March 21, 1923, and the county auditor wrote the following letter to the treasurer of Agnes township, viz.:

Grand Forks, N. D.<br>March 21, 1923.

Mr. A. H. Hammond,
Treasurer Agnes Township
Orr, North Dakota
Dear Sir:

Our ledger shows that on March 1st, 1923, your township road fund was overdrawn $4193.44. In looking back I find that on November 17, 1922, an order was issued to you for road money in the sum of $5,000.-00. This was given you by mistake for our ledger shows that on November 1st you had a balance of only about $35.00.

Under the circumstances we must insist that this overdraft be refunded to the county treasury.

Yours truly,<br>Hans Anderson<br>County Auditor.

Copies of the letter were sent to G. J. Stoffel, clerk of Agnes township, and to C. C. Bergett, chairman of the board of supervisors of said township.

Upon receipt of the $5,000 warrant A. H. Hammond, treasurer of Agnes township who was also cashier of the bank at Orr endorsed the said warrant "A. H. Hammond, township treasurer," forwarded the same to the First National Bank of Grand Forks for collection, and upon receipt of the proceeds of said warrant he placed the same in a certificate of deposit payable to A. H. Hammond treasurer, No. 3199. Entry of the certificate of deposit was made upon the books of the

bank November 18, 1922, 3199 A. H. Hammond treasurer $5,000. He testified that he did not credit this money to Agnes township, and the township treasurer's books introduced in evidence does not show any credit. He testified also that when he received township money from the county he sometimes credited it directly to the township in open account and frequently placed it in certificates of deposit, that it was his custom to put it in C. D's or credit it directly to the funds of the township in his possession. The bank of Orr failed on November 6, 1923, and its cashier, A. H. Hammond, continued to act as treasurer of Agnes township until March, 1924.

Between December 1, 1922, and October 1, 1926, the county treasurer collected $6,662.12 taxes levied by and for Agnes township, and out of this fund, the county treasurer retained the sum of $4,964.32 the difference between the $5,000 warrant issued to Agnes township and the $35.68 road taxes in payment of the overdraft. Agnes township made no demand on the county for taxes collected in 1923, until April, 1924, when demand was made and payment refused, just before the bringing of this action.

The plaintiff sued to recover the taxes levied and collected after December 1, 1922, and the defendant sets up as a counterclaim the overpayment made by mistake in the $5,000 warrant. The case was tried to the court without a jury, findings of fact and conclusions of law were made favorable to the defendant upon which judgment was entered, and plaintiff appeals. It is the contention of the plaintiff that the township treasurer of Agnes township had no authority to ask for or demand any taxes or money belonging to Grand Forks county, and that it was money belonging to Grand Forks county that was turned over to Hammond and not money belonging to the township of Agnes, that as an individual or as cashier of the bank at Orr he had a right to receive Grand Forks county funds, and in such a transaction Agnes township was not concerned, and that since the money that was turned over to Hammond was Grand Forks county money the township was not liable. But the record does not warrant any such assumption, the law makes it the duty of the county treasurer to collect, and turn over to the township the taxes levied and belonging to the township, and it is the duty of the township treasurer under § 4204, Comp. Laws 1913 to receive and take charge of all moneys belonging to the township, and under § 4206

it is his duty to draw from time to time from the county treasurer such money as have been received by the county treasurer for the use of his township.

It is undisputed that in the authority given to the county auditor to issue the warrant, the treasurer made a mistake.

It is undisputed that the only road fund in the county belonging to Agnes township was $35.68, and that the warrant should have been for that amount instead of for $5,000. It was not a loan, it was not a turning over to Hammond as an individual, Grand Forks county money. The slip or note to the auditor from the county treasurer shows upon its face that it was for road tax, and the warrant is a regular county warrant to A. H. Hammond, township treasurer for money collected for Agnes township for road tax. It was paid to him as treasurer of Agnes township, it was endorsed by him as township treasurer and deposited to A. H. Hammond, treasurer. The excess in the warrant being a mistake it must be held in trust, under § 6280, Comp. Laws 1913 which provides:

"One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust or other wrongful act is, unless he has some other and better right thereto, an involuntary trustee of the thing gained for the benefit of the person who would otherwise have had it."

In the case at bar, it is conceded, that $4,964.32 of the $5,000 paid by the county to the treasurer of Agnes township was an error and paid by mistake. It is further clear from the record that it was paid to the township treasurer as money belonging to the township, and since it was paid by mistake, it follows, that the township through its treasurer received $4,964.32, which under the foregoing section it holds in trust for the county.

A case very much in point is the case of State ex rel. School Dist. v. Nelson, 105 Wis. 114, 80 N. W. 1106, in which the Wisconsin court said:

"The county board had no power or authority to levy upon the town of Worcester any school tax for the use of the county. It did, however, have both the power and the duty, by §§ 1074, 1075, Rev. Stat. to include in its resolution levying the county taxes, and in the certificate of those taxes to the town clerk, a direction to raise a certain amount of school taxes for the use of the school district, a distinct corporation.

We have no doubt that the act done by the county board and county clerk was intended as a performance of this duty, and that the misdescription of the item as a "county school tax" was a mistake, merely, so that the act really done was that which the statute commands, namely, the direction above described. This being so, we must consider the acts of the town officers as done in compliance with that direction, and, while irregular, as amounting merely to extension upon the tax roll, and collection, of the amount directed for the purpose prescribed by law, namely, for the use of the school district. The ensuing confusion and mistakes, whereby the town treasurer, lawfully holding this money for the school district, paid it over to the county treasurer who, under the same mistake, received it and carried it into the county treasury as county money, cannot change the rights previously existing. As between public corporations and officers, title and ownership to such a fund can be neither gained nor lost by its transfer through mistake from one treasury to another, its identity being always defined and recognized (Wisconsin C. R. Co. v. United States, 164 U. S. 190, 212, 41 L. ed. 399, 407, 17 Sup. Ct. Rep. 45); and the corporation to which it belongs can always recover it from that unlawfully or by mistake receiving and retaining it. The latter gains no title, and holds merely for the true owner. We concluded, therefore, that the fund in question belongs to the school district, and should be in the custody of the town treasurer for its use."

When public money has been paid without authority of law and the public official has money of the recipient in his hands, he is not compelled to pay such money over and sue to recover the illegal payments, but may hold subject to the decision of the court when the claimant sues, and thus avoid a multiplicity of suits. United States v. Carr, 132 U. S. 644, 33 L. ed. 483, 10 Sup. Ct. Rep. 182; Gratiot v. United States, 15 Pet. 336, 10 L. ed. 759; Steele v. United States, 113 U. S. 128, 28 L. ed. 952, 5 Sup. Ct. Rep. 396; United States v. Burchard, 125 U. S. 176, 31 L. ed. 662, 8 Sup. Ct. Rep. 832; United States v. Stahl, 151 U. S. 366, 38 L. ed. 194, 14 Sup. Ct. Rep. 347.

The judgment is affirmed.

NUESSLE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.