THOMAS F. RYAN, PROSECUTOR, v. CIVIL SERVICE COM-
MISSION OF NEW JERSEY AND CHARLES J. FALCEY,
DEFENDANTS.

Argued May 8, 1935—Decided July 20, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Aaron V. Dawes.*

For the defendants, *Charles J. Falcey.*

The opinion of the court was delivered by

PARKER, J. The writ calls for an "order of the civil ser-
vice commission recently made, directing the appointment
of Charles J. Falcey as clerk of the Police Court of the city
of Trenton." We find no such order in the return, but as
the controversy involves a dispute with regard to the occu-
pancy of a public office, we deem it advisable to view the writ
as properly bringing up what is laid before us for examina-
tion and decision.

Prosecutor Ryan is *de facto* and claims to be *de jure* clerk
of the Trenton Police Court, and the civil service commission
has in effect, by refusing to certify his pay, decided that he
is not entitled to hold the office, and that Falcey should be
appointed, as a veteran from the eligible list certified by the
commission. *Certiorari* seems to be the proper procedure.
*Moore* v. *Bradley Beach,* 87 *N. J. L.* 391; *Murphy* v. *Free-
holders,* 92 *Id.* 244. The question to be decided is whether

Falcey is within the amendments of 1932 (*Pamph. L., p.* 204; *N. J. Stat. Annual* 1932, *p.* 254, § 144-68) to the Civil Service act relating to "veterans;" and particularly whether he is an honorably discharged "sailor" of the world war. If yea, he, as the only veteran on the certified list, is entitled to the appointment. *Pamph. L.* 1932, at head of page 206; *N. J. Stat. Annual* 1932, *p.* 255, § 144-47. If nay, he is not so entitled.

No question is raised as to his war service in the United States navy, or as to his honorable discharge. He was honorably discharged September 30th, 1921, as an "apprentice seaman (provisional)" owing to lack of funds, with recommendation for re-enrollment in that capacity. Ratings held during enrollment, landsman, yeoman and apprentice seaman.

The statute, section 29 a (*Pamph. L.* 1932 (at *p.* 206); *N. J. Stat. Annual* 1932, *p.* 255, § 144-85(1), defines the word "veteran" as "any honorably discharged soldier, sailor, marine, nurse, or army field clerk, who has served in the military service of the United States in any war," &c.

Is Falcey an honorably discharged "sailor?" We conclude that he is. In *Stephens* v. *Civil Service Commission,* 101 *N. J. L.* 192, decided in 1925, the Court of Errors and Appeals decided that an army field clerk was not a "soldier," and in all probability the act of 1932 was intended to make clear the legislative intent that even clerical service was to be recognized. Moreover, the Stephens case turned on technical considerations which we think are not here applicable. The statutory words relating to naval service are "sailors" and "marines." The statutory language is *"any* honorably discharged * * * sailor * * *."* Prosecutor appears to argue for the proposition that no one but an "able seaman" as the term is commonly understood, is to be classed as a "sailor," and cites *Hartigan* v. *United States,* 196 *U. S.* 169, where it was decided that a cadet at West Point is not an "officer" in the army. It was not there decided, however, that a cadet is not a "soldier."

In ordinary marine terminology a "seaman" is thought of as a sailor, whatever his degree. The word "seaman" is used

with varying shades of meaning in various statutes. For example, in *Tuccillo* v. *John F. Clark & Son,* 104 *N. J. L.* 122, it was held for then present purposes to include a stevedore. In *Warner* v. *Goltra,* 293 *U. S.* 155; 55 *Sup. Ct.* 46, the court said: "In a broad sense, a seaman is a mariner of any degree, one who lives his life upon the sea. It is enough that what he does affects the 'operation and welfare of the ship when she is upon a voyage.' " In the merchant service, the old classification, which may still obtain, was of able seamen, ordinary seamen, and landsmen. The word "sailor" in the statute, is generic, and by reason of separately classifying marines should be interpreted particularly when coupled with the word "any" as inclusive at least of all connected with and participating in the navigation of a ship. An "apprentice" seaman, a learner assisting the full-fledged seaman, is, for the purpose of the statute, a "sailor," and when honorably discharged after a war, within the act of 1932.

It is suggested in the prosecutor's brief, but not very confidently argued, that the preference given to an apprentice seaman under this interpretation of the statute is in contravention of the fourteenth amendment to the federal constitution. The validity of the act as affecting "enlisted men as a body" (to use the language of the brief) is conceded. The argument necessarily is that to enlarge the circle by interpretation beyond the circumference drawn for it by prosecutor is to render the act unconstitutional. We see no merit in it.

The writ will be dismissed, with costs.