Nott, Ch. J.,
delivered the opinion of the court:
When this case was decided adversely to the claimant (38 C. Cls. R., 202) the court overlooked the fact that cadet midshipmen at the Naval Academy were liable to be called into service during the civil war -and were actually called into service; and among them, it is now understood, classmates of the claimant were so called. The court is therefore satisfied that there was error in its conclusion which was that the claimant was not entitled to the benefits of the Act 3d March, 1899 (30 Stat. L., p. 1007, § 11), and the claimant’s motion for a new trial must be allowed.
But since that decision was rendered a case has come before the court presenting another question which is involved in this case, namely, whether an army officer “incapacitated for active'service and whose incapacity resulted as an incident of service,” but who was retired with the actual rank held by him at the date of retirement and not with the rank to which his seniority entitled him to' be promoted, as provided by the Act 1st October, 1890 (26 Stat. L., p. 562), can maintain an action for the pay of the higher grade, and it is obvious that these two cases should be considered together.
There is also another question involved, namely, whether the court can determine that an officer had or had not “ a creditable record.” The Act 3d March, 1899 (30 Stat. L., p. 1007, § 11), provides that “ any officer of the Navy with a creditable record ” “ when retired ” shall “ be retired with *78 the rank and three-fourths the sea pay of the next higher grade.” The record does not show the determination by the President or the Navy Department of the fact that this officer had “ a creditable record,” and it is a question whether that fact can be determined by any other authority.
The motion for a new trial is allowed, and the case is remanded to the Law Calendar to be heard with the case of Marshall M. Cloud (No. 22944) before a full bench.