Peelle, Ch. J.,
delivered the opinion of the court:
This case has had a checkered career. The claimant, a commander in the United States Navy on the retired list, claims the benefit of section 11 of the act of March 3, 1899 *370 (30 Stat. L., 1007), known as the Navy Personnel Act, which, provides “ That any officer of the navy, with a creditable record, who served during the civil war, shall, when retired, be retired with the rank and three-fourths the sea pay of the next higher grade.”
The question presented was whether an undergraduate in the Naval Academy, pursuing his studies there during the civil war, was an officer of the navy entitling him to be retired with the rank and three-fourths the sea pay of the next higher grade.
The court first held that he was not an officer of the navy who served during the civil war within the intent of the section cited, and his petition was, for that reason, dismissed (38 C. Cls. R., 202).
Thereafter the claimant made a motion for a new trial, which was granted on the ground “ that cadet midshipmen at the Naval Academy were liable to be called into service during the civil war and were actually called into service ” (40 C. Cls. R., 76). Judgment was subsequently rendered in the claimant’s favor.
Thereafter the case of Jeferson F. Moser, a captain in the United States Navy on the retired list, wherein the same question was involved, came before the court (42 C. Cls. R., 86), and the court, following the last decision referred to, gave judgment for the claimant February 5, 1907, on the ground that under Revised Statutes, section 1362, midshipmen were designated as officers of the navy and, while pursuing their studies at the Naval Academy, were officers of the navy “ with a creditable record who served during the civil war,” entitling them upon retirement under said section 11 to the rank and three-fourths the sea pay of the next higher grade. From said judgment no appeal was taken; but as judgment in the Jasper case was entered later, the defendants filed a motion for a new trial, assigning as error of law that the court on the hearing did not have its attention called to and did not consider the following statute, approved June 29, 1906:
“ That any officer of the navy not above the grade of captain who served with credit as an officer or as an enlisted man *371 in the regular or volunteer forces during the civil war prior to April ninth, eighteen hundred and sixty-five, otherwise than as a cadet, and whose name is borne on the official register of the navy, and who has heretofore been, or may hereafter be, retired on account of wounds or disability incident to the service or on account of age or after forty years’ service, may, in the discretion of the President, by and with the advice and consent of the Senate, be placed on the retired list of the navy with the rank and retired pay of one grade above that actually held by him at the time of retirement: Provided, That this act shall not apply to any officer who received an advance of grade at or since the date of his retirement or who has been restored to the navy and placed on the retired list by virtue of the provisions of a special act of Congress.” (34 Stat. L., pt. 1, p. 554.)
In neither of the cases, when under consideration, was the court’s attention called to that statute, and no reference was made thereto. But we are now asked to determine whether the statute is retrospective; and if so, whether the error complained of does not entitle the Government to a new trial.
In the construction of statutes it is a familiar rule that a prospective operation is to be given in every instance unless the legislative intent to the contrary is expressed in clear and unambiguous terms or the intent is clearly implied from the language used. Every reasonable doubt should be resolved against rather than in favor of the retroactive operation of the statute. (United States v. Heth, 3 Cranch, 399, 413.) The rule announced in that case was quoted by the Supreme Court in the case of Chew Heong v. The United States (112 U. S., 536, 559), adding “ and such is the settled doctrine of this court.” And so it has remained. (White v. United States, 191 U. S., 545.) Applying the rule thus announced, what effect should be given to the statute under consideration ?
But for this statute the court should feel constrained to adhere to its decision in this and the Moser cases, supra, as under the rulings of the Supreme Court as well as of this court we think it may now be considered as fairly well settled that cadet midshipmen pursuing their studies at the Naval Academy during and since the civil war were and are officers of the navy, and as such entitled, for the purpose both *372 of longevity pay and for service retirement, to credit therefor. (United States v. Baker, 125 U. S., 646; United States v. Cook, 128 U. S., 254.)
In the Moser case the claimant’s time at the academy was, for the purpose of his retirement by the President after forty years’ service, credited to him as an officer of the navy, otherwise he could not have been retired on that ground when he was; and while the act cited does not deprive a cadet midshipman of his right and status as an officer of the navy, he must, to entitle him to retire with the rank and three-fourths the sea pay of the nest higher grade, among other things, have “ served with credit as an officer or as an enlisted man in the regular or volunteer forces during the civil war * * * otherwise than as a cadet.” In other words, he must have had creditable service during the civil war otherwise than as a cadet. Not that service at the academy was not creditable, but that service as a cadet is not considered as service “ during the civil war,” entitling such an one to (he rank and retired pay of the next higher grade.
The decisive words “ otherwise than as a cadet ” are not in section 11 of the act of 1899, supra. Inasmuch, however, as cadets are officers, and by law, made a part of the navy, we construed the section as including their time at the academy as service “ during the civil war ” within the meaning and intent of the act. But the later statute in express terms excludes such service as civil war service and makes service during the civil war, otherwise than as a cadet, a condition precedent to the right to receive the benefit of the act. The later act controls, and operates to amend, if it does not supersede, said section 11 respecting the character of service required during the civil war as a basis for the rank and retired pay of the next higher grade.
The act goes further and in express terms applies to those who have heretofore been or may hereafter be retired, so that the language of the act in express and unambiguous terms is retroactive, and therefore needs no interpretation. Indeed, the act may be considered as a legislative construction of section 11, and as such entitled to weight, though not conclusive, The purpose of the act clearly was to prefer a *373 particular class of officers of the navy, i. e., those not above the grade of captain, who served with credit as officers or as enlisted men in the regular or volunteer forces during the civil war otherwise than as cadets. Only those who thus served and who have “ heretofore been, or may hereafter be, retired ” are entitled upon retirement to the rank and retired pay of the next higher grade. •
As the claimant herein was retired prior to the passage of the act, its provisions would apply to him if he had to his credit service during the civil war “ otherwise than as a cadet,” but as he has not, he is excluded from its provisions.
If, however, prior to the passage of the act the claimant acquired any rights in conflict therewith, such rights are preserved to him by the proviso which reads: “ That this act shall not apply to any officer who received an advance of grade at or since the date of his retirement or who has been restored to the navy and placed on the retired list by virtue of the provisions of a special act of Congress.” If the enacting clause or body of the act had not been intended to operate retroactively there would have been no necessity for the proviso to protect prior rights. It becomes necessary, therefore, to inquire what rights the claimant acquired prior to the passage of the act. The claimant, as a commander, was retired for disability incident to the service under the provisions of Revised Statutes, section 1453, with the rank and three-fourths the sea pay of the grade held by him at the time of retirement, as provided by Revised Statutes, section 1588. His application to be retired in the next higher grade under the provisions of said section 11 of the act of March 3, 1899, supra, was denied by the Secretary of the Navy upon the ground that the claimant’s service while in the Naval Academy was not service during the civil war. Here was a construction by the Navy Department against the claimant’s right to retire with the rank and three-fourths the sea pay of the next higher grade. The act under consideration in effect ratified that ruling. But the claimant contends that inasmuch as he was retired prior to the passage of the act he should be considered as having acquired, at the date of his retirement, a vested right to the rank and three- *374 fourths the sea pay of tbe next higher grade, and protected by the proviso accordingly.
The claimant’s right to be so retired was at most inchoate; and if the statute now under consideration had been before the court when this and the Moser case were being considered, as it should have been, the result then would have been the same as it now is. That is to say, the court would not in the face of that statute ratifying the action of the Navy Department in its construction of section 11 have given judgment for the claimant, without which he could not have been advanced in grade and pay.
The claimant, since his retirement, having received the retired pay of the grade (commander) in which he was serving at the time of his retirement, and not having “ received an advance of grade at or since the date of his retirement,” and not having “ been restored to the navy and placed on the retired list by virtue of the provisions of a special act of Congress,” within the meaning and intent of the act, the proviso has no application to him.
For the reasons given the defendants’ motion for a new trial is allowed; and as the claimant’s right rests upon the statutes to which we have referred and the questions have been fully argued, it must be finally held that the petition be dismissed, which is accordingly ordered.