# UNITED STATES EX REL. MOSER *v.* MEYER.

-------

RES JUDICATA; JUDGMENTS; STARE DECISIS; MANDAMUS; OFFICERS; ARMY
AND NAVY.

1. Where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the the same subject of litigation in respect to the same matter which might have been brought forward as a part of the subject in contest, but which was not brought forward, only because they have from negligence, inadvertence, or even accident, omitted a part of their case. The plea of *res judicata* applies, except in special cases, not only to the point upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, which the parties, exercising reasonable diligence, might have brought forward at the time.

2. Those matters upon which a court finds it appropriate to express itself are to be seen in its opinion; but the matters which are brought forward for adjudication are to be seen only in the pleadings, and their adjudication to be found only in the judgment which the court concludes upon, and which is actually rendered. In the pleadings alone, and in the issues joined, are to be found the subject of litigation, the question upon the adjudication of which the judgment is to depend; and the judgment, in turn, closes and puts an end to no questions but those upon which it does depend, and of which a determination was essential to the conclusion expressed by the judgment.

3. A judgment by the court of claims against the United States, awarding to a retired officer of the Navy a stated sum as the difference between his pay as captain and that of a rear admiral from the date of his retirement, *held*, not to be conclusive upon the supreme court of this District in a mandamus proceeding by such officer against the Secretary of the Navy, to compel the latter to place the petitioner's name on the Navy Register upon the retired list, as holding the rank of rear admiral from the date of his retirement. (Citing secs. 1443 and 1457, Rev. Stat., U. S. Comp. Stat. 1901, pp. 1020, 1024; sec. 11 of Navy personnel act of Congress, 30 Stat. at L. 1007, chap. 413, U. S. Comp. Stat. 1901, p. 1025; act of Congress of June 29, 1906, 34 Stat. at L. 554, chap. 3590, U. S. Comp. Stat. Supp. 1909, p. 340.)

4. Where an officer of the Navy has been retired by order of the President with the grade of captain, mandamus on his relation will not lie against the Secretary of the Navy, to compel the placing of his name upon the retired list with the rank of rear admiral.

No. 2307.   Submitted December 8, 1911.   Decided January 2, 1912.

HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia, overruling a demurrer to the answer of the Secretary of the Navy to a petition for the writ of mandamus, and, the relator electing to stand upon his petition, dismissing the petition.   *Affirmed.*

The COURT in the opinion stated the facts as follows:

The appellant, Jefferson F. Moser, entered the Naval Academy at Annapolis, as a midshipman, September 29, 1864, and as such continued there throughout and after the Civil War. Meriting various promotions, he attained to the grade of captain, and, after forty years of service, requested his retirement from active service according to the provisions of sec. 1443 of the Revised Statutes, U. S. Comp. Stat. 1901, p. 1020, and sec. 11 of the Navy personnel act (30 Stat. at L. 1007, chap. 413, U. S. Comp. Stat. 1901, p. 1025). These sections are as follows:

"Sec. 1443. When any officer of the Navy has been forty years in the service of the United States, he may be retired from active service by the President upon his own application."

"Sec. 11. That any officer of the Navy, with a creditable record, who served during the Civil War, shall, when retired, be retired with the rank and three fourths the sea pay of the next higher grade."

The Acting Secretary of the Navy, being of the opinion that service in the Naval Academy was not service "during the Civil War," recommended to the President that the relator be placed upon the retired list of the officers of the Navy in accordance with the provisions of sec. 1443 of the Revised

D. C.]                         Statement of the Case.

Statutes, but that he was not entitled to the benefits of sec. 11 of the Navy personnel act, quoted above.

The President indorsed the recommendation of the Acting Secretary with his approval, and the relator was placed upon the retired list of the officer of the Navy from the 3d day of September, 1904, but not with the rank or sea pay of the next higher grade, which was that of rear admiral.

On September 13, 1905, the relator filed in the court of claims a petition against the United States claiming the pay of a rear admiral on the retired list, and seeking to recover the difference between that pay and the pay of a captain for the period since the date of his retirement and August 31, 1905. The matter was heard by the court of claims upon an amended petition filed December 31, 1906. The judgment of that court was rendered February 24, 1907, in the words following:

"It is ordered that judgment be entered, this day, in the above-entitled cause for the sum of ($2,537.50) two thousand five hundred, and thirty-seven dollars and fifty cents, in accordance with the opinion rendered herein, January 7, 1907."

From this judgment no appeal was taken by the United States, and the amount of it was paid. On February 4, 1911, the relator filed in the supreme court of the District of Columbia, a petition against the Secretary of the Navy, praying for a mandamus, requiring the respondent as Secretary of the Navy, to place his name on the Naval Register upon the retired list as holding the rank of rear admiral from the 29th day of September, 1904. Upon the coming in of the answer of the respondent, it was demurred to, the demurrer overruled, and the relator electing to stand upon it, a judgment was entered dismissing the petition; upon appeal from this judgment, the case is now here.

*Mr. George A. King* and *Mr. William B. King* for the appellant.

*Mr. Clarence R. Wilson,* United States Attorney for the District of Columbia, and *Mr. Reginald S. Huidekoper,* Assistant, for the appellee.

Mr. Justice WRIGHT, of the Supreme Court of the District of Columbia, who sat with the Court in the place of Mr. Justice VAN ORSDEL, delivered the opinion of the Court:

The points upon which the relator stakes his case will better show themselves by a more detailed reference to the cause which was before the court of claims and the manner of its disposition.

The appropriation act of 1906, at the time provided (34 Stat. at L. 554, chap. 3590, U. S. Comp. Stat. Supp. 1909, p. 340):

"That any officer of the Navy not above the grade of captain, who served with credit as an officer or as an enlisted man in the regular or volunteer forces during the Civil War, *  *  * otherwise than as a cadet,  *  *  *  and who has heretofore been, or may hereafter be,  retired on account of wounds or disability incident to the service, or on account of age, or after forty years' service, may, in the discretion of the President, by and with the advice and consent of the Senate, be placed on the retired list of the Navy with the rank and retired pay of one grade above that actually held by him at the time of the retirement  *  *  *."

The court of claims (42 Ct. Cl. 86), this act providing to the contrary, but not having been presented or called to its attention, was of the opinion that service in the Naval Academy was service "during the Civil War." In a later case, *Jasper* v. *United States,* 43 Ct. Cl. 368, the court spoke thus:

"If the statute now under consideration had been before the court when this and the *Moser Case* were being considered, as it should have been, the result then would have been the same as it now is,—that is to say, the court would not, in the face of that statute ratifying the action of the Navy Department in its construction of sec. 11, have given the judgment for the claimant."

We are now come to the part of the opinion appropriate for stating the detailed points upon which the appellant rests his case. They are two: First, that the judgment of the

court of claims in *Moser's Case* when before it is conclusive upon the question presented at the bar here; second, that, independent of that consideration, the writ of mandamus ought nevertheless to go on the merits. The first point will now be examined. The principles which underlie the doctrine of *res judicata* were well stated by the vice chancellor in *Henderson* v. *Henderson,* 3 Hare, 115, thus:

"In trying this question, I believe I state the rule of the court correctly, * * * that where a given matter becomes the subject of litigation in, and of adjudication by, a court of competent jurisdiction, the court requires the parties * * * to bring forward their whole case, and will not (except under special circumstances) permit the same parties to open the same subject of litigation in respect to the same matter which might have been brought forward as part of the subject in contest, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of their case. The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, which the parties, exercising reasonable diligence, might have brought forward at the time."

Before the court of claims, the "subject of litigation" was money claimed from the United States by way of pay. Before the court below, the "subject of litigation" was the official duty of the Secretary of the Navy respecting the placing of a certain name upon the Naval Register with a particular rank. Subject-matter for litigation quite distinct.

That a judgment of the court of claims, a court not of general, but of special, limited, jurisdiction, having no jurisdiction of the subject-matter of mandamus, should operate with conclusive effect over the judgment of a court of general jurisdiction, vested with complete jurisdiction over the subject-matter of mandamus, does not agree with good reason, nor with any kind of good principles at all, nor are we prepared to give the opinion that the Secretary of the Navy, sued with respect

to a matter lying entirely within the duties of his office, is
the same defendant as the United States when sued for pay
by an officer of the Navy. Nor do we admit to recognizing any
privity or bond of union, between the precise subject-matter.
I may say for the court that we have no doubt of it, but that
if the outcome of a litigation between parties so much de-
pended upon a certain fact as that without that fact there could
be no predicate for a judgment, then, in future litigation like-
wise depending upon that same fact, those same parties would
be concluded by the first determination; for a technical ad-
judication of the matter is the end of it between the two.

Those matters upon which a court finds it appropriate to
express itself are to be seen in its opinion; but the matters
which are brought forward for adjudication are to be seen
only in the pleadings, and their adjudication to be found only
in the judgment which the court concludes upon, and which
is actually rendered. In the pleadings alone, and in the issues
joined, are to be found the subject of litigation, the questions
upon the adjudication of which the judgment is to depend;
and the judgment in turn closes and puts an end to no ques-
tions but those upon which it does depend, and of which a
determination was essential to the conclusion expressed by the
judgment.

The rule rests on good considerations; parties are not called
upon to prepare themselves to present to a court, nor to ex-
pect to litigate, nor be apprehensive for the decision of, any
issues save those made by the pleadings; the pleadings show the
case to the court; and only the case made by the pleadings is
laid before the court. To include other questions in the de-
cision, and after that to conclude a party from elsewhere liti-
gating those other questions, would be to deprive him of his
day in court in that particular regard.

The retirement of officers of the Navy, whether occurring
under sec. 1443 or according to the terms of the appropriation
act of 1906, is made only by the President, not by the Secre-
tary of the Navy.

Sec. 1457, Revised Statutes, U. S. Comp. Stat. 1901, p. 1024, provides:

"Officers retired from active service shall be placed on the retired list of officers of the grades to which they belonged, respectively, at the time of their retirement * * *."

Sec. 11 of the Navy personnel act provides:

"That any officer of the Navy, with a creditable record, who served during the Civil War, shall, when retired, be retired with the rank and three fourths the sea pay of the next higher grade."

The terms "rank" and "grade" are not synonyms; it is commonly known that Chiefs of Bureau in the Navy Department receive by courtesy the rank of rear admiral during that assignment, although their grade on the active list is that of captain or commander; and on termination of these assignments and return to active sea duty, the rank or designation of rear admiral is not longer expected or accorded, but that of the actual grade is reassumed. The statute, supra, shows that names of officers find their place upon the retired list only according to grade at the time of retirement.

The rank and pay of the relator are determined not according to grade on the retired list, but by whether he served "during the Civil War." Whatever, if any, duty the Secretary of the Navy has about the matter of placing names upon the retired list, it is not that he himself shall settle the question of grade or of retirement, but after a determination of those questions by the President, with whom they lie, to give effect to his directions. Should the President in fact retire an officer with a certain grade, and the Secretary of the Navy decline to enter the name of the officer upon the list as of that grade, there might be room to make a good argument showing that his duty to do so was ministerial and ought to be controlled by mandamus; but when the President retires one with a certain grade or in a certain grade, there is nowhere in the law any authority at all for the placing of that name on the retired list as of another or different grade.

Now, look at the claims in these two cases; in the case in

the court of claims, the claimant, in both his original and amended petition, based his case upon the averment that he had been retired "with the rank of captain in the Navy," and he claimed the pay of a rear admiral because he had (as he contended) "served during the Civil War;" and merited, as he believed, the advantages of sec. 11. He laid before the court only a case for "pay," a case depending not upon his "grade," but only upon service "during the Civil War." His name already stood upon the retired list with the grade of captain,— the grade held by him at the time of his retirement; whether he was entitled to the pay which he sought in the court of claims depended upon whether he had "served during the Civil War;" not whether he was entitled to the grade of rear admiral. About the facts of the matter there was no dispute there, and none is here; he was a midshipman at Annapolis during the Civil War; the court of claims concluded that this was service during the Civil War, and so determined in its judgment: With his rank or grade, the case there had nothing to do; nor upon rank or grade does the judgment there at all depend.

Whether this conclusion was one of fact as found by the court of claims, or, being entirely upon the interpretation of a statute, was a question of law, is not now important, for the reason that the judgment of the court of claims depends upon the determination of the question whether Moser had "served during the Civil War;" and that question in nowise involved the ascertainment or determination of the grade of the relator. Although, therefore, there be accorded to the judgment of the court of claims the broadest possible significance, there is no room to maintain that it determined any question or settled any question which at all affects the rights of the parties in the proceeding here at bar. There is nothing in that judgment that affects any question upon which the rights of the parties here depend.

Proceeding, therefore, to the relator's second point: he claims that, aside from the proceedings before the court of claims, he is of right entitled to the writ. Sec. 1457 of the Revised Statutes provides:

"Officers retired from active service shall be placed on the retired list of officers of the grades to which they belonged respectively at the time of their retirement, and continue to be borne on the Navy Register."

From both sec. 1443 of the Revised Statutes, U. S. Comp. Stat. 1901, p. 1020, and the terms of the act of 1906, supra, it appears that, with the determination of the question of retirement, the Secretary of the Navy has nothing directly to do; it is for the President.

The answer of the respondent, to which in the court below the demurrer of the relator went, avers (record page 43):

"This defendant further says that the petitioner was retired pursuant to the express direction and approval of his superior officer, the President of the United States, who, by order retiring said petitioner, did so retire him as a captain of the United States Navy, and at no time at or since such retirement has the President of the United States conferred a higher rank or office upon the said petitioner."

The President, then, having actually retired the relator with the grade of captain, it cannot be said that there rested upon the Secretary of the Navy a duty to accord to the relator upon the Naval Register a different grade.   Sec. 1457 of the Revised Statutes provides:

"Officers retired from active service shall be placed on the retired list of officers of the grades to which they belonged respectively at the time of their retirement, and continue to be borne on the Navy Register."

In short, the position of the relator comes to no more than this; that he has been retired by the President of the United States with the grade of captain, while he conceives himself to be entitled to retirement with the rank of rear admiral; he asks that the Secretary of the Navy be required, through the writ of mandamus, to place his name upon the retired list with a rank of rear admiral, which the President declined to accord him.

For this there is neither duty, authority, nor power in the

Secretary of the Navy; therefore no room for a mandamus to go.

The judgment of the court below, being correct, must be affirmed, with costs; and it is so ordered.          *Affirmed.*