Barnet, Judge,
delivered tbe opinion of the court:
The claimant is a retired naval officer and brings this suit to recover the difference between the retired pay of a rear admiral of the nine lower numbers, to which he claims he is entitled, and that of a captain, the pay actually allowed him for the period from January 1,1907, to March 6,1912.
The claimant was appointed to the Naval Academy September 29, 1864, remained in the naval service, and passed through the several grades to the rank of captain, which he attained August 10, 1903. On September 29, 1904, upon his own application, he was retired in accordance with the provisions of section 1443 of the Revised Statutes, and following this retirement he was paid three-fourths of the sea pay of a captain in the Navy. On September 13, 1905, he brought suit in this court to recover the difference between the retired pay of a rear admiral of the nine lower numbers and the pay thus allowed him, claiming that he should have been retired with the latter rank pursuant to section 11 of the act of March 3, 1899, 30 Stat., 1007, which is as follows:
“That any officer of the Navy with a creditable record, who served during the Civil War, shall, when retired, be retired with the rank and three-fourths the sea pay of the next higher grade.”
In that suit this court held that service as a cadet at the Naval Academy constituted service during the Civil War within the meaning of this statute, and that the claimant should have been retired with the rank and three-fourths of the sea pay of the grade next above that held by him on the date of his retirement, i. e., the rank and pay of a rear admiral of the nine lower numbers. 42 C. Cl., 86. This decision followed the doctrine laid down in the case of Baker v. United States, 125 U. S., 646. The judgment in the former Moser ease was entered in this court February 4, 1907, for the sum of $2,537.50, that being the difference between the claimant’s retired pay as a rear admiral of the nine lower numbers and the retired pay of a captain which had been allowed him, reckoned from the date of his retire *290 ment to December 31, 1906. No appeal was ever taken in that case, and the judgment was paid.
At the time this former Moser case was presented to the court neither one of the parties called the attention of the court to the following provision- of the act of June 29,1906, 84 Stat., 554:
“That any officer of the Navy not above the grade of captain who served with credit as an officer or as an enlisted man in the Regular or Volunteer forces during the Civil War prior to April ninth, eighteen hundred and sixty-five, otherwise than as a cadet, and whose name is borne on the Official Register of the Navy, and who has heretofore been, or may hereafter be, retired on account of wounds or disability incident to the service or on account of age or after forty years’ service, may, in the discretion of the President, by and with the advice and consent of the Senate, be placed on the retired list of the Navy with the rank and retired pay of one grade above that actually held by him at the time of retirement: Provided, That this act shall not apply to any officer who received an advance of grade at or since the date of his retirement or who has been restored to the Navy and placed on the retired list by virtue of the provisions of a special act of Congress.”
In fact the court and the attorneys engaged in that case were at the time ignorant of the existence of that statute.
A little more than a year after the trial of the former Moser ease the case of Jasper v. United States, 43 C. Cls., 368, came before this court, in which the same question was involved, and in that case attention was called to the act of June 29,1906. It was considered and construed and this court decided that it deprived Jasper of the right to reckon service at the Naval Academy during the Civil War as “ service during the Civil War ” within the meaning of section 11 of the act of March 3, 1899, supra. This reversed the ruling of the court in the former Moser case, and the court remarked in its opinion that if the provisions of the act of June 29, 1906, had been called to the attention of the court the result would have been the same in both cases.
It will thus be seen that the question is presented to the court in this case whether the decision and judgment in the former Moser case, 42 C. Cls., 86, is res judicata as to the claimant’s status as to pay as a retired naval officer.
*291 The underlying principles upon which the rule of res judicata is based are so familiar that it is needless to discuss them. They are well stated by Mr. Justice Day in Deposit Bank v. Frankfort, 191 U. S., 499, 510-511:
“ When a plea of res judicata is interposed, based upon a former judgment between the parties, the question is not what were the.reasons upon which the judgment proceeded, but what was the judgment itself; was it within the jurisdiction of the court, between the same parties, and is it still in force and effect? The doctrine of estoppel by judgment-is founded upon the proposition that all controversies and contentions involved are set at rest by a judgment or decree lawfully rendered which in its terms embodied a settlement of the rights of the parties. It would undermine the foundation of the principle upon which it is based if the court might inquire into and revise the reasons which led the court to make the judgment. In such cases nothing would be set at rest by the decree; but the matter supposed to be finally adjudicated, and concerning which the parties had had their day in court, could be reopened and examined, and if the reasons stated were in the judgment of the court before which the estoppel is pleaded insufficient, a new judgment could be rendered because of these divergent views and the whole matter would be at large. In other words, nothing would be settled, and the judgment, unre-versed, instead of having the effect of forever settling the rights of the parties, would be but an idle ceremony.”
We think one of the definitions of the rule of res judicata given in Van Fleets Former Adjudications is particularly applicable to this case: “A final judgment on the merits determining any issue of law or fact, after a contest over it, forever sets it at rest, and fixes it as a fact or as the law in any other litigation between the parties.” Id., vol. 1, sec. 1.
It is urged, however, by the defendants that this suit is based upon a different claim or demand from the one litigated in the former Moser ease; that is to say, that the former Moser ease was a claim for pay for the period from September 30, 1904, to December 31, 1906, while the demand in this case is for pay since December 31, 1906. We think that is too narrow a view of the issue in the former Moser ease. It was not denied in that case that Moser was entitled to some pay during the period involved; in fact he had already been paid for the period at a certain rate. The *292 real question at issue was the rate of pay to which Moser was entitled to receive, not only from September 30, 1904, to December 31, 1906, but as long as he might live. Stated in another way the issue in that case was the status as to pay of the claimant. The facts in the case were undisputed, and this issue was one of law alone.
If we admit that this court was in error in the former Moser case in the construction of the statute then in force as to the retired pay of officers (and that is, at least, somewhat doubtful), this error as affecting the rule of res judi-cata would not differ from an error as to any rule of the common law. Where the law of a case is settled by adjudication it is settled as to statute law as well as the common law. When a suit has been tried in a court of competent jurisdiction it is a legal presumption amounting to a conclusion that every issue of law involved in it has been tried and decided.
True, as already stated, the attention of the court was not called to the act of June 29, 1906, supra; but it sometimes happens in the trial of cases that if the attention of the court had been called to some decisions and authorities as to the common law which had been overlooked the decision would have been different. In other words, the law of a case may sometimes be settled wrong, but where it is once settled it is none the less final. The act of June 29, 1906, was before the court when the Jasper case was tried, and it was urged by able counsel that it did not affect the rights of the claimant. This court decided otherwise, and as this court is not infallible, we may have been wrong in the Jasper case and right in the former Moser case. We could not have been right in both cases, but right or wrong we made the law in those two cases. This circumstance is noted as showing the reason for the rule of res judicata.
In the case of Gardner v. Buckbee, 3 Cowen, 120, where A sued B upon a promissory note, and B pleaded the general issue with notice that the note was given upon the fraudulent sale of a vessel by A to B, which was the question upon the trial, and the verdict was for the defendant, and afterwards A sued B upon another note given upon the same purchase, it was held that upon the trial of the second *293 cause the record and proceedings in the first was conclusive of -the fraud and were a conclusive bar to the second action.
Freeman v. Barnum, 131 Cal., 386, was a proceeding by mandamus to compel an auditor to draw a warrant in favor of the petitioner for certain installments of salary alleged to be due him as assistant district attorney of the county, and it was held that a former judgment upon mandamus compelling the auditor to draw such a warrant in favor of the same officer and adjudging as insufficient a defense that the office had been terminated by a rescission of the order authorizing his appointment was an estoppel as to such defense in the latter action.
New Orleans v. Citizens Bank, 167 U. S., 371, was a proceeding involving the power of the city of New Orleans to impose certain taxes upon the defendant, and it was held that a former judgment by a court of competent jurisdiction in a suit between the same parties, involving the same facts and circumstances, was a res judicata and conclusive upon the parties.
The following is an extract from the opinion rendered by Chief Justice White:
“ The proposition that because a suit for a tax of one year is a different demand from the suit for a tax for another, therefore res judicata cannot apply, whilst admitting in form the principles of the things adjudged, in reality substantially denies and destroys it. The estoppel resulting from the thing adjudged “does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, when the question upon which the recovery of the second demand depends has under identical circumstances and conditions been previously concluded by a judgment between the parties or their privies. This is the elemental rule, stated in the text books and enforced by many decisions of this court. A brief review of some of the leading cases will make this perfectlv clear.” (Id., 396.)
Many other cases to the same general principle might be cited, but it is believed those above cited are decisive of this case.
We are constrained to hold that the issue tried and determined in the former Moser case, 42 C. Cls., 86, was iden *294 tical with the one in the case at bar, and is conclusive upon the parties and estops the defendants from again litigating the same question in this suit.
It is contended by the claimant that even if it is admitted the judgment in the former Moser ease is not conclusive upon the parties in this suit, he is entitled to recover herein under a provision of the act of March 3, 1909, 35 Stat., 753, which is as follows:
“The provisions of the act approved June 29th, 1906, entitled ‘An act making appropriations for the naval service for the fiscal year ending June 30th, 1907, and for other purposes,’ providing for the retirement in the next higher grade of officers of the Navy who served during the Civil War, shall not operate to deprive any officer of the Navy who has been, or may be, retired, since the passage of that act, of the right to increased rank and pay to which, but for the passage of said act, he would have been entitled.”
It is argued that it was the evident intention of Congress by the later act to take away all retroactive effect which might otherwise be given to the act of June 29, 1906, 34 Stat., 554, and that any other construction would lead to the absurdity of making the act of 1906 take away the right of any officer who retired before its passage, but relieving from its operation those who have retired since. And numerous authorities from the Supreme Court are cited to the proposition that a statute should not be given .a retrospective effect unless the words used are so clear and imperative as to admit of no other construction. This point is not considered or decided, as the first point decided disposes of the case in favor of the claimant.