Hat, Judge,
delivered the opinion of the court:
This case is decided upon the authority of Moser v. United States, 42 C. Cls. 86, and Moser v. United States, 49 C. Cls. 285, and the case of Moser v. United States, 53 C. Cls. 639. In the case reported in 49 C. Cls. 285 the defendant took an appeal to the Supreme Court of the United States, but before the appeal came on to be heard the United States dismissed the same.
This court in this case has had its attention called to the case of Jasper v. United States, 43 C. Cls. 368, which case was decided after the case of Moser v. United States, 42 C. Cls. 86, and before the decision of the case of Moser v. United States, 49 C. Cls. 285. In the Jasper case the Government relied upon the act of June 29, 1906, 34 Stat. 554, and the court decided that the plaintiff "Jasper was not entitled to recover, thereby reversing the first Moser case. *166 When, however, the court came to consider the second Moser case, 49 C. Cls. 285, it reaffirmed the first Moser ease and decided that the questions involved were res judicata. That case was followed by the third Moser case, 53 C. Cls. 639, reaffirming the first and second' Moser cases upon the ground of res judicata; and we see no reason for changing our views as to the case at bar, which involves the same questions decided in the former three Moser cases.
While the Jasper case does reverse the first Moser case, yet this court is not infallible, and it may have been wrong in its then construction of the act of June 29, 1906, supra. It was urged in the Jasper case by able counsel that the act of June 29, 1906 did not affect the rights of the plaintiff in that case, and after a careful consideration of that act we are of opinion that the provisions of the statute do not affect the rights of the plaintiff in this case. The rank and pay of retired officers becomes fixed upon their retirement. The plaintiff was retired under the act of March 3,T899, 30 Stat-1007, and under that act the court held that service as a cadet constituted service during the Civil War within the meaning of that act. The act of June 29,1906, in terms provided that service as a cadet should not be accounted service during the Civil War in the application of the act of March 3, 1899, but there was a proviso attached to the act of June 29, 1906, which reads as follows: “Provided, That this act shall not apply to any officer who received an advance of grade at or since the date of his retirement or who has been restored to the Navy and placed on the retired list by virtue of the provisions of a special act of Congress.” This proviso was manifestly intended for the benefit of officers who were on the retired list at the date of the passage of this act. The plaintiff was on the retired list then, and had been for some years, and had received at the date of his retirement an advance of grade, and therefore the provisions of the act did not then and do not now apply to him.
For the reasons above stated we are of the opinion that the plaintiff is entitled to recover. Judgment for plaintiff in the sum of $4,270.83.
Graham, Judge; DowNet, Judge; Booth, Judge; and Cambbell, Chief Justice, concur.