Geaham, Judge,
delivered the opinion of the court:
Robert T. Jasper was a commander on the retired list of the United States Navy at the time of his death, February 16, 1926. He was retired because of physical incapacity incident to active service. His record was at all times creditable. At the time of his retirement he claimed the benefit of section 11 of the Navy personnel act, approved March 3, 1899 (30 Stat. 1007), which is as follows:
“ That any officer of the Navy, with a creditable record, who served during the Civil War, shall, when retired, be retired with the rank and three-fourths the sea pay of the next higher grade.”
He thereafter sued in this court for pay as a captain from the date of his refitment, September 21, 1899, less all pay received by him from that date as a commander. His petition was dismissed, as was also a subsequent suit. After the decision of the Supreme Court in the case of United States v. Moser, 266 U. S. 236, decedent applied to the Secretary of the Navy for a commission as captain on the retired list, to date from September 21, 1899. On the recommendation of the Secretary, the President appointed the decedent a captain in the Navy, retired, effective September 21, 1899. The plaintiff therefore sues for $9,369.80, the amount which he claims is due the estate of Robert T. Jasper on account of his advance to the grade of captain.
The opinion of the Judge Advocate General, upon which this appointment was based, held that, inasmuch as the Supreme Court in the Moser case, supra, ruled that Moser’s right to the pay of a retired rear admiral was res judicata by reason of previous decisions of this court, Jasper’s right to increase in pay appeared to be concluded by reason of the adverse decision of this court in 43 C. Cls. 368. In this view of the matter we concur. The opinion states:
“ No appeal was taken in the Jasper case, so that the Court of Claims’ decision adverse to his claim would now appear to be conclusive against his right to the pay of the next higher grade upon the principle of the Supreme Court’s decision that the judgment of the Court of Claims in the Moser case was res judicata in favor of that officer’s right to increased pay.”
*147 The opinion further states: “ The question now presented in Jasper's case is one of rank, not pay,” and that as the department’s decision in favor of Moser’s advancement in rank was applied to Bear Admiral Davenport—
“ It should likewise be applied to Commander Jasper’s application for advancement in rank, leaving the question of his pay to be determined by the accounting officers or the court.”
It is clear, therefore, that the Judge Advocate General’s office attempted to pass upon the question only of the right to advancement in rank and not in pay, and was of the opinion that the advancement in rank under the circumstances did not carry an increase in pay owing to the previous decisions of this court against the decedent’s right to the pay of a captain.
The facts contained in the record in this case and upon which the right to recover is based have been four times before this court in the following cases: Jasper v. United States, 38 C. Cls. 202, 40 C. Cls. 76, 43 C. Cls. 368, and 52 C. Cls. 521. All of these cases were decided adversely to Jasper on the facts as presented in this case except one fact, namely, the issuance to the decedent by the President, upon the recommendation of the Secretary of the Navy on September 15, 1925, of the commission of captain in the Navy, retired, as of September 21, 1899; that is, the appointment was issued in 1925 and effective in 1899. We have, therefore, the question as to the authority of the President to make the retroactive appointment, and, granting this authority, whether the appointment did anything more than establish the rank of the decedent. An increase in pay does not necessarily follow a promotion in rank. They are not dependent upon each other but upon the statutes, which may confer advance fn rank without increase in pay or increase in pay without advance in rank. The previous decisions of this court being adverse to decedent’s right to the pay of a retired captain concluded the question in the negative. Even if the President had authority to make the retroactive appointment by the order of September 15, 1925, the order would not change decedent’s status as to pay. The determining facts in this case are the same as in the cases heretofore decided *148 against decedent, and are not altered by the action of the President in promoting the decedent to captain on the retired list. It would seem unnecessary, therefore, to pass upon the question of the authority of the President to make a retroactive appointment. No statutory authority therefor has been shown. The opinion of the Judge Advocate General advising the promotion of decedent is based upon section 11 of the act of March 3, 1899, 30 Stat. 1007, supra. This act does not in terms authorize a retroactive appointment. It provided only for the rank and pay an officer shall receive when retired. It does not authorize the promotion of an officer already on the retired list. When the decedent was retired, his status as to rank and pay was fixed (Moser v. United States, 58 C. Cls. 164, 166; 266 U. S. 236), and no authority under which he could thereafter be advanced has been shown.
The act of July 1, 1918, 40 Stat. 717, permitting the promotion of naval officers • on the retired list who were called into service during the World War, does not apply here, as Jasper was not called into service during that war and did not serve.
A statute giving authority to appoint to office will not be taken as authority to make a retroactive appointment unless it clearly appears from the language of the statute that this was the intention of Congress. Kilburn v. United States, 15 C. Cls. 41, 47; Collins v. United States, 15 C. Cls. 22, 34; and Bennett v. United States, 19 C. Cls. 379, 386.
There is nothing in section 11 of the act of March 3, 1899, supra, to indicate such an intention. In construing a statute the intention of Congress is in a measure to be ascertained by what it fails to say as well as by what it says: There should be clear authority of law for antedating a commission which, as claimed here, carries with it an additional expenditure of money by the Treasury. There is no authority under the Constitution for an executive officer to create Government liabilities where there has been no authority given by Congress. But, as stated, whether or not there was authority to make this appointment, it could not have the effect of increasing the pay of the decedent.
*149 The plaintiff is not entitled to recover and his petition should be dismissed. It is so ordered.
Moss, Judge; Booth, Judge.; and Campbell, Qliief Justice, concur.