Whitaker, Judge,
dissenting in part:
I, too, disagree with the majority as to the amount of damages plaintiff is entitled to recover for his wrongful discharge.
The Lloyd-La Follette Act, as amended, 5 U. S. C. § 652, 1952 ed., provides in subsection (a) that an employee shall not be discharged except for such cause as will promote the efficiency of the service, and until after certain procedure has been followed. Then subsection (b) provides that—
Any person removed or suspended without pay under subsection (a) who, after filing a written answer to the charges as provided under such subsection or after any further appeal to proper authority after receipt of an adverse decision on the answer, is reinstated or restored to duty on the ground that such removal or suspension was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such removal or suspension, for the period for which he received no compensation with respect to the position from which he was removed or suspended, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period. * * *
Under this Act plaintiff would not be entitled to statutory or in-grade pay increases or payment for annual leave he would have earned during the period of illegal separation.
However, the majority, on the authority of Crocker v. United States, 130 C. Cls. 567, says that the above quoted section does not apply, because plaintiff here has not been “reinstated or restored to duty.” Instead, the majority opinion reasons that the illegal discharge was void ab initio, and, hence, the plaintiff, in effect, was never separated from the service; therefore, he must recover as if he had continued in his employment. The only deduction they would make from this payment is the amount earned by him in other employment during the period of illegal separation. Kaufman v. United States, 118 C. Cls. 91; Borak v. United States, 110 C. Cls. 236.
It is true that it is not within the power of this court to order the Secretary of the Treasury to reinstate the plaintiff. *25 However, the practical effect of our judgment is to put the plaintiff back on the payroll of the United States as a deputy collector of Internal Eevenue. He gets a judment now for the pay he would have earned to date, and the next year he can bring another suit for his pay for that year, and so on until he is formally reinstated and discharged according to law. The question of the legality of the discharge can never be relitigated in this court or any other court since it is a question of law which is res judicata between the parties. Moser v. United States, 49 C. Cls. 285, appeal dismissed, 239 U. S. 658. The Government would have no defense to future suits. Plaintiff would continue to get his salary as of course.
While the plaintiff is not physically restored to his position, the effect of our judgment is to give him all the emoluments of his position to the same extent as if he had been formally reinstated. To all intents and purposes he has been reinstated, and the Secretary might as well do it formally.
I think Congress in the 1948 Act intended that such a practical, though not formal, “reinstatement” should be governed by its terms.